Citation Nr: 1550133 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 08-08 020 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Sioux Falls, South Dakota


THE ISSUE

Entitlement to service connection for lumbar spine strain, to include as secondary to a service-connected disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans (DAV)


ATTORNEY FOR THE BOARD

C.A. Skow, Counsel


INTRODUCTION

The Veteran served on active duty from January 1991 to June 1995. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2006 rating decision of the Sioux Falls, South Dakota, Regional Office (RO) of the Department of Veterans Affairs (VA).

In October 2011, the Board remanded the claim for additional evidentiary development and, in May 2014, denied the claim. The Veteran appealed the Board's May 2014 decision to the United States Court of Appeals for Veterans Claims (Court). In September 2015, the Court granted a Joint Motion for Remand (JMR) of the parties, and vacated the Board's decision for action consistent with the JMR.

The Board notes that the Veteran's claim has been reviewed using the Veterans Benefits Management System (VBMS), VA's electronic system for document record keeping, and relevant documents contained therein are part of the Veteran's electronic claims file.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran seeks service connection for low back disability, claimed as disability of the spine. See DAV Correspondence (April 17, 2006). He argues that service connection is warranted as secondary to his service-connected right knee disability (status post anterior cruciate ligament repair). See VA Form 9 (March 2008). He stated that he "hurt his back" while stationed aboard the USS Duluth from January to June 1994 and "I feel this may have been due to My [sic] knee problem." See VA Form 21-4138 (June 2006). He stated that he saw a corpsman, was given medication, and placed on light duty; he reported that "Over the years this has bothered me." Id. It is noted that service connection was established for right knee disability in a December 2005 rating decision; and service connected for left knee disability (as secondry to right knee disability) was established in an August 2009 rating decision.

STRs reflect no complaints or findings for abnormal pathology of the low back. STRs show that the Veteran underwent a right knee surgical repair related to sports injury. Subsequently, a limp or altered gait was noted on more than one occasion, but also there were occasions of normal gait and no limping or guarding. Report of Medical History dated in June 1995 reflects that the Veteran denied recurrent back pain. Clinical evaluation of the spine was normal on service separation examination dated in June 1995.

The Veteran filed an original claim for VA compensation in 2005 for multiple disabilities. He reported no disability of the low back although he did report left knee disorder secondary to right knee disability. See VA Form 21-4138 (April 2005); VA Form 119 (April 2005); VA Form 21-526 (May 2005).

Post service private treatment records reflect extensive bilateral knee problems in the years from 2003 through 2005. This included additional right knee surgery in March 2005. It was again noted on more than one occasion (e.g., in September 2003 and May 2005), that the Veteran walked with a limp or altered gait. A May 25, 2005 private note indicated that the Veteran was "walking with nearly normal gait with only a minimal limp." Report of VA examination dated in October 2005 noted that the Veteran walked with a stiffened gait to the right, but not an antalgic gait. There were no complaints or findings pertaining to the low back.

Private records show treatment for acute lumbar pain beginning in April 2006. At that time, the Veteran reported a history of low back pain for one week that started when he bent over. He said that he had had back pain off and on for years, occurring about every year or so. He said that he "1st noticed it probably about 1994 when he was in the military and tore up his knee...". Acute lumbar sprain/strain with facet jamming was assessed. 

A private medical opinion from the Veteran's chiropractor dated in September 2007 reflects that he had treated the Veteran in April 2006 for low back pain. He stated as follows: 

His [the Veteran's] history revealed that his lowback [sic] pain had started after suffering a knee injury in 1994 in his military service. He had two orthopedic surgeries on the right knee and limped and favored his right knee for about one year, which he feels was the start of lowback [sic] pain. On X-ray, he demonstrates left convex scoliosis of the lumbar spine which could have resulted from favoring his right knee.

As we know, with humans being bi-pedal creatures, leg length, gait, and ambulatory biomechanics are integral factors in lowback [sic] health. While I cannot state with medical certainty that it is as likely as not that this was the sole cause of his lowback[sic] pain, I would say that it is as likely as not that this was a significant cause of his problem.

VA examination was conducted in November 2007. The examiner reviewed the claims file, to include the chiropractor's statement. By history, the Veteran initially injured his lower back "while on mess hall duty" in January 1993 when lifting pallets of food. He indicated that he was evaluated and given some Motrin. He indicated that low back pain "eventually resolved," but he experienced "intermittent flare ups of his back pain" since that time, occurring about 2 times a year. He rated flare-ups involved increased back pain rated as 9/10 and lasting about 7 days causing him to miss one or more days from work. He reported seeing a chiropractor after a 2007 flare-up with little relief. He described his symptoms as somewhat incapacitating, causing his to stay in bed. X-ray showed that the "lumbar spine appears normal," to include lordotic curve and lumbar vertebrae. The examiner opined that it was less likely as not that the right knee disorder caused a low back condition, based on the lack of low back complaints or treatment in service and the lack of evidence of a chronic gait disturbance. The examiner did not comment on the reports which clearly showed that the Veteran did, at times, walk with a limp or altered gait, both during service and after. Thus, another VA opinion was requested in an October 2011 Board remand.

Report of VA examination dated in November 2011 reflects that a review of the claims file disclosed notations for both normal and abnormal gait in the 1994-1995 timeframe that was likely due to the fact that the Veteran was still recovering from his right knee injury/surgery. One notation for abnormal gait was within a day of his initial injury; the other one was a physical therapy note following his reconstruction, at which time he was no longer using crutches. The medical reviewer added that it was normal to have an antalgic gait following surgery. Another notation for an antalgic gait (minimal) was in 2005 and followed surgery. The medical reviewer added that there was no consistent, long-standing, witnessed documentation of an antalgic gait, except for after his surgeries. She further noted that review of the October 2005 exam report indicated no mention of an in service back injury prior to his knee injury; that chiropractic treatment in 2006 showed congenital leg length discrepancy; and that a 2007 VA x-ray study showed no abnormal curvature of the spine. The examiner opined that "Based on the fact that there had been no consistent, long-standing, witnessed documentation of an antalgic gait, a documented congenital leg length discrepancy, no documentation of back pain until 2005 (approximately 10 years after discharge), and because there were multiple risk factors for lumbar strains besides an antalgic gait, and he filed his initial claims for service connection in 2005 without mentioning back problems," the Veteran's current back condition "is 'unlikely' aggravated beyond its natural progression" by the right knee condition.

Having carefully reviewed the evidence of record, the Board finds that remand is necessary. The VA medical opinions of records are inadequate. There is not substantial compliance with the Board's prior remand decision, which requested an opinion on both whether the Veteran's right knee disorder proximately caused the Veteran's low back disorder and whether the his right knee disorder aggravated his low back disorder. The November 2011 VA medical opinion does not address the first question and, with regard to the second question, does not explain the significance of the absence of "long-standing" antalgic gait, the existence of a leg length discrepancy, and many years intervening service and the first documented complaints, etc., in supporting the negative conclusion. Additionally, during the pendency of this appeal, service-connection was also established for the left knee and there is no opinion on whether this service-connected disability proximately caused or aggravated the Veteran's low back disorder.

Thus, remand is required. It is noted that a medical opinion must support its conclusion with an analysis the Board can consider and weigh against other evidence in the record. Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). Furthermore, a medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

Accordingly, the case is REMANDED for the following action:

1. The AOJ should obtain all outstanding pertinent medical records.

2. The Veteran should be scheduled for a new VA examination by an appropriately skilled physician to address the etiology of the Veteran's low back disorder. The physician should indicate whether it is as likely as not (50 percent probability or more) that the Veteran's low back disorder is proximately due to or aggravated (permanently worsened) by service connected right and/or left knee disability. A complete history concerning the onset of low back problems should be obtained.

The Veteran's history of symptoms, injury, and treatment should be accepted as true unless otherwise contradicted by the record or incongruous with the medical findings. If the examiner does not accept any history provided by the Veteran, the basis for such rejection should be clearly identified and/or explained in the examination report.

Aggravation is defined as a permanent worsening of the nonservice-connected disability beyond that due to the natural disease process as contrasted to temporary or intermittent flare-ups of symptomatology which resolve with return to the baseline level of disability. 

The pertinent medical evidence in the electronic claims file should be made available to and reviewed by the physician to include the favorable chiropractic opinion dated in September 2007. A complete rationale for all opinions is required. The physician should identify and explain the relevance or significance, as appropriate, of any history, clinical findings, medical knowledge or literature, etc., relied upon in reaching the conclusions. If an opinion cannot be expressed without resort to speculation, the examiner should so indicate and discuss why an opinion is not possible, to include whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge.

3. Then, the AOJ should review the medical opinion and supporting bases to ensure that all the requested information and an adequate rationale is provided, or return for such.

4. Then, after ensuring any other necessary development has been completed, the AOJ should readjudicate the issue on appeal. If the benefits sought are not granted, the Veteran and his representative should be furnished a Supplemental Statement of the Case and given the requisite opportunity to respond before the case is returned to the Board.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).